IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DYACHISHIN AND GALINA DYACHISHIN,

        Plaintiffs,

    v.

AMERICA'S WHOLESALE LENDERS; COUNTRYWIDE FINANCIAL CORPORATION; RECONTRUST COMPANY; BANK OF AMERICA CORPORATION; WASHINGTON MUTUAL BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and DOES 1-50 inclusive,

        Defendants.
_____/

Case No. 2:09-CV-02639-JAM-GGH

<u>ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS</u>

    This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank, ("Defendant's"), Amended Motion to Dismiss Plaintiffs' Peter and Galina Dyachishin's ("Plaintiffs'") Complaint ("Complaint") for failure to state a

1

claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #18). Plaintiffs oppose the motion.[1] (Doc. #27).

Multiple defendants in this case filed motions to dismiss. (Doc. #11, #18). Plaintiffs filed one opposition. (Doc. #27). It is unclear to which defendants motion this opposition was intended to oppose. On the docket, Plaintiffs filed this as an opposition to Defendant's amended motion to dismiss. (Doc. #27). Thus, the court will treat it as such.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2007, Plaintiffs obtained a mortgage loan to refinance their residential property located at 8280 Mariposa Avenue, Citrus Heights, CA 95610 ("subject property"). The terms of the loan were memorialized in the promissory Note which was secured by a Deed of Trust on the subject property. The lender was America's Wholesale Lenders ("AWL"), not a party to this motion.

In July 2007, Plaintiffs obtained a Home Equity Line of Credit on the subject property. The terms of the loan were memorialized in the promissory Note which was secured by a Deed of Trust on the subject property. Defendant was the lender.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

Plaintiffs did not understand the terms of the loan and allege that Defendant mislead them.

On or about February 21, 2008, Plaintiffs deeded their interest in the subject property to Andrey Dyachishin and Tatyana Dyachishin. Plaintiffs now bring the present lawsuit alleging violations of state and federal law.

## II. OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate

where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F. 3d 1048, 1052 (9th Cir. 2003).

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions to this rule: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. <u>Sherman v. Stryker Corporation</u>, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). Here, Defendant requests judicial notice of the loan documents in connection with the first mortgage and HELOC, and the Grant Deed ("Grant Deed") to Andrey Dyachishin and Tatyana Dyachishin. Plaintiffs do not dispute the authenticity of these documents, all of which are either matters of public record or relied on by the

Complaint. Accordingly, the Court takes judicial notice as requested.

B. <u>Federal Law Claims</u>

I. <u>Violation of the Truth in Lending Act ("TILA")</u>

In the Opposition to the Motion to Dismiss, Plaintiffs raise the argument that Defendant violated the Truth in Lending Act, ("TILA"), 15 U.S.C. §1601 et seq., thereby seeking rescission and damages. "The focus of any Rule 12(b)(6) dismissal. . . is the complaint. This precludes the consideration of new allegations that may be raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." <u>Cordell v. Tilton</u>, 515 F. Supp. 2d 1114, 1128 (S.D. Cal. 2007)(internal citations omitted). Because the TILA allegation was first raised in the Opposition, the Court will not consider this cause of action.

II. <u>Violation of the Real Estate Settlement Procedures Act ("RESPA")</u>

Within the fourth and fifth causes of action, Plaintiffs allege that Defendant violated RESPA, 12 U.S.C. §§2601-17, by failing to comply with disclosure requirements and engaging in unlawful business acts. Defendant argues that Plaintiffs failed to state a claim under RESPA because the Complaint does not

allege any facts to support this claim. In the Opposition, Plaintiffs merely restate that Defendant failed to comply with RESPA.

Plaintiffs' broad and conclusory allegation that Defendant failed to comply with RESPA is without merit. Without stating specific sections that Defendant violated or any facts to support the allegation, the Court cannot analyze this cause of action. Accordingly, the RESPA is dismissed, with prejudice.

C. <u>State Law Claims</u>

I. <u>Quiet Title</u>

To allege a cause of action to quiet title, the complaint must state (1) a legal description of the property; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Proc. § 761.020.

Here, Plaintiffs' claim fails because Plaintiffs do not have title to the subject property. Plaintiffs deeded their entire interest in the subject property to Andrey Dyachishin and Tatyana Dyachishin in February 2008. Therefore, Plaintiffs cannot allege title to the subject property. The claim for quiet title is dismissed, with prejudice.

## II. Rescission Based on Violation of Cal. Civ. Code § 1632

Plaintiffs allege that Defendant provided loan documents in the English language, in spite of the fact that Plaintiffs' primary language is Slavic. Civil Code § 1632 requires that "any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, ... in the course of entering into any of the following, shall deliver to the other party to the contract ... a translation of the contract or agreement in the language in which the contract or agreement was negotiated ..." This includes "loan[s] ... secured other than by real property." Cal. Civ. Code § 1632(b)(2). Thus, Section 1632 generally does not apply to loans secured by real property.

Moreover, Section 1632 does not require Defendant to translate documents into Slavic. Thus, Plaintiffs fail to state a claim under Section 1632. Accordingly, the claim for rescission based on Section 1632 is dismissed, with prejudice.

## III. Rescission Based on Fraud (Non-Disclosure)

Plaintiffs allege that their loan should be rescinded due to fraud. A contract may be rescinded if the consent of the party rescinding was obtained through fraud or mistake. Cal. Civ. Code § 1689(b)(1). "In all averments of fraud or mistake,

7

the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b).  A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008) (quoting <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F. 2d 1388, 1393 (9th Cir. 1988).

    Plaintiffs have not alleged fraud with the required particularity to state a plausible claim for relief. Nowhere in the Complaint do Plaintiffs describe the facts of the alleged fraud, other than making vague legal conclusions that they were mislead regarding the loan terms. Accordingly, the fraud claim is dismissed, with prejudice.

IV. <u>Unfair Debt Collection Practices</u>

Plaintiffs allege that Defendant violation the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). The RFDCPA limits debt collection agencies and creditors' ability to collect debts.  Cal. Civ. Code § 1788, et seq. Plaintiffs allege that Defendant, through its actions, violated the RFDCPA. These allegations are mere legal conclusions. Plaintiffs do not allege specific actions by Defendant that amount to threats to collect debt.

Moreover, Plaintiffs have failed to provide support demonstrating that the RFDCPA applies to the Defendant in this case, as it is impossible to support a claim under the FDCPA based on foreclosure of a residential mortgage. <u>See</u> <u>Fuentes v. Duetsche Bank</u>, 2009 WL 1971610 (S.D. Cal. July 8, 2009) (granting defendant's motion for judgment on the pleadings "[s]ince a residential mortgage is not a debt and a home foreclosure is not debt collection within the meaning of the statute"); <u>Gamboa v. Trustee Corps</u>, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009). Accordingly, the claim for unfair debt collection practices is dismissed, with prejudice.

V. <u>Unfair Business Practices</u>

The California Business & Professions Code § 17200 prohibits unfair competition including any "unlawful, unfair or

9

fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." This statute has a "broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'" Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). While the statute is broad in scope, Plaintiff must still plead his claim so as to establish a violation of the "other law" or unfair practice in question. See Constantini v. Wachovia Mortg. FSB, No. 09-406, 2009 WL 1810122 at *3 (E.D. Cal. June 24, 2009) (citing Walker v. Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1169-70 (2002)).

Here, Plaintiffs allege unfair competition based on failure to comply with disclosure requirements of California Civil Code § 1632, RFDCPA, Federal Fair Debt Collections Act and RESPA. As mentioned above, Plaintiffs have failed to state a claim for any of these causes of action. Accordingly, Plaintiffs' cause of action for unfair business practices is dismissed, with prejudice.

VI. <u>Breach of Fiduciary Duty</u>

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." <u>Pellegrini v. Weiss</u>, 165 Cal. App. 4th 515, 524 (2008). In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its convention role as a mere lender of money." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage broker, no such duty is imposed on a lender. <u>Price v. Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 476 (1989).

Plaintiffs do not state a claim for breach of fiduciary duty. Defendant is the "mere lender of money" in this case and holds no fiduciary duty towards Plaintiffs. Accordingly, Plaintiffs' claim for breach of fiduciary duty is dismissed, with prejudice.

VII. <u>Declaratory Relief</u>

Plaintiffs' tenth cause of action requests declaratory relief in order for Plaintiffs to ascertain their right under the contract and to determine Defendant's right to proceed with the non-judicial foreclosure.

"Declaratory relief is only appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986) (citations omitted).

Plaintiffs have failed to state a claim to meet these criteria. Accordingly, Plaintiffs' tenth cause of action for declaratory relief is dismissed, with prejudice.

VIII. Injunctive Relief

Plaintiffs' tenth cause of action also requests injunctive relief in the form of a preliminary injunction for the sale of the subject property and permanent injunction preventing Defendant from engaging in wrongful conduct in the future.

"It is appropriate to deny an injunction where there is no showing of reasonable probability of success, even though the foreclosure will create irreparable harm, because there is no justification in delaying that harm where, although irreparable, it is also inevitable." Jessen v. Keystone Savings & Loan Ass'n., 142 Cal. App. 3d 454, 459 (1983). Here, Plaintiffs have not paid the debt secured on the loan, nor have they shown a reasonable probability of success on the merits, as indicated

above.  Accordingly, Plaintiffs' tenth cause of action for injunctive relief is dismissed, with prejudice.

## III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is hereby GRANTED, WITH PREJUDICE.

IT IS SO ORDERED.

Dated: April 14, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE